### No. ——

### First Circuit Appeal

## SIDNEY L. CHIASSON v. BANK OF THIBODAUX AND TRUST CO.

(May 5, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 185, 189, 191.**
Where one buys the business of a firm he does not thereby become liable for notes signed by that firm unless he had specifically assumed responsibility thereon.

2. **Louisiana Digest—Banks and Banking—Par. 23.**
A bank having in its possession notes made by a firm had no authority to transfer funds deposited by the purchaser of that firm to the payment of these notes.

3. **Louisiana Digest — Compensation — Par. 2.**
No compensation takes place between a bank deposit and a debt due it by a depositor.

4. **Louisiana Digest—Guaranty—Par. 3.**
Under Art. 2278, Paragraph 2 of the Civil Code, a promise to pay the debt of a third party must be in writing and therefore, parol proof is inadmissible.

5. **Louisiana Digest—Estoppel—Par. 46.**
Where one, having deposited in a bank receives cancelled notes of the firm which he had purchased, through the mail from the bank without any explanation, he has not thereby acquiesced in or ratified the action of the bank in charging his account with the amount of these notes even though he does not ask the bank for an explanation.
(Civil Code, Art. 2315. Editor's note.)

Appeal from Twentieth Judicial District, Parish of Lafourche, Hon. Robt. B. Butler, Judge.

This is a suit for damages growing out of the bank refusing to pay checks for alleged "lack of funds."

There was judgment for plaintiff and defendant appealed. Judgment affirmed.

Pugh & Pelletier, and Howell, Wortham & Howell, of Thibodaux, attorneys for plaintiff, appellee.

Caillouet & Caillouet, of Thibodaux, attorneys for defendant, appellant.

MOUTON, J. Plaintiff drew two checks on defendant bank, one for $20.00, October 13, 1922, the other for $51.00, October 14, 1922. The bank refused to pay these checks for lack of funds. Plaintiff alleges he had sufficient funds in deposit with he bank upon which he issued these checks, which the bank he avers illegally and maliciously refused to pay. Plaintiff claims damages against the bank in the sum of $10,098.82, and for the sum of $96.82, the amount he claims he had in deposit with the bank when his checks were dishonored.

The court rendered judgment for plaintiff for $250.00 in damages with interest from judicial demand. In this court plaintiff asks that this amount be increased to the sum of $2000.00 which brings this case within our jurisdiction.

In paragraph 6 of plaintiff's petition it is alleged that this amount of $96.51 which he avers he had to his credit in the bank was constituted of the following items in deposit with the bank, made on the following dates:    August 28, 1922, $25.69; Sept. 20, 1922, $51.21; and Sept. 26, 1922, $35.92.

In answer thereto defendant admits that it had these items in deposit for plaintiff but avers that they were charged against the amount of the plaintiff and that they were credited to the bank's account, "because, as stated in the brief of counsel for defendant, the several items so charged against plaintiff's account and placed to the credit of defendant's account, represent amounts of notes due by plaintiff to defendant, and that as each charge was made, due written notice through the mail was given to plaintiff, who acquiesced in and ratified said charges as made". The foregoing embodies the substance of the defense upon which the bank relies to defeat the demand of the plaintiff.

The notes which were mailed to plaintiff, after the bank had absorbed these respective items by crediting them to its account, bore the signature of Rodriguez and McCormick.   These notes were not signed or endorsed by plaintiff and upon which he was not bound by any written evidence.   The proof shows that Rodriguez and McCormick had been in the garage business in Thibodaux, and most probably had executed these notes during the time they were in that business.

It appears, that in July, 1922, plaintiff bought out the interest of Rodriguez in the garage.   In buying this interest plaintiff became a new member thereof, and the firm was thereby changed; and even if the notes had been contracted by the previous firm of Rodriguez and McCormick, plaintiff did not become liable on the notes, unless he had specifically assumed responsibility thereon, Hibernia Bank & Trust Company vs. Dresser, 132 La., 532, 61 South., 561. There being no proof of such assumption, obviously, the bank was without authority to credit its account with the items before referred to, on the assumption that these notes were due by plaintiff to the bank. Even if plaintiff had been obligated on these notes to the bank, it had no authority to so credit its account against plaintiff as it is well settled that no compensation takes place between a bank deposit and a debt due it by a depositor.   Peoples Bank in Liquidation vs. Mississippi & Lafourche Drainage Dist., 141 La. 1009, 76 South. 179.; Avery Breed vs. Purvis, Wood & Company, 7 La. Ann. 53; J. M. Seixas vs. The Citizens Bank of Louisiana, 38 La. Ann. 432; Thomas S. Morgan vs. C. C. Lathrop, 12 La. Ann. 257.

The position of the bank is, however, that plaintiff was duly notified of these charges which had been made to the credit of the bank in which he acquiesced, and were by him ratified.   It is contended by the bank that two notes were sent by it to plaintiff, one for $35.00, dated May 25, 1922, payable three months after date; and another bearing the same date for same amount, to be paid four months from its execution, both signed by Rodriguez and McCormick, and both made payable to the bank of Thibodaux, marked paid—that each was accompanied by an explanatory letter, stating that plaintiff's account had been charged therewith, and that the notes had been cancelled.   The bank claims that another note for $25.21, subscribed by Andrew Robinson had also been mailed to plaintiff also with a letter thereto attached.   As there is no proof that this Robinson note was ever received by plaintiff, it will be eliminated from further consideration herein and our remarks will be directed to a discussion of the issues revolving around the two other notes hereinabove referred to.

An attempt was made to prove by parol testimony that plaintiff had bound himself to pay these two notes. As we have before stated, plaintiff was not bound on these notes which represented the obligation of the previous firm of Rodriguez and Mc-Cormick. Not being bound thereon by assumpsit, endorsement or otherwise in writing, counsel for plaintiff objected to this evidence on the ground that parol proof is inadmissible to prove the promise to pay the debt of a third party. C. C. 2278. This testimony was excluded and properly. Even if considered, the preponderance of the evidence introduced on this issue, shows that no such promise to pay these notes was made by plaintiff as contended for by the bank.

This preponderance of the evidence is in keeping with the natural promptings of self interest which preclude the idea that a person would and without any apparent profit resulting to him therefrom, voluntarily assume the payment of an obligation due by another party.

We now pass to the next and last issue presented which is as to whether or not plaintiff acquiesced in the absorption of his deposit of $96.82 to the credit and account of the bank.

The proof shows that the two notes were mailed to plaintiff and were received by him. Plaintiff admits this. The bank contends that enclosed in the envelopes containing these two notes were also enclosed two letters explaining that they had been cancelled, and had been charged to plaintiff's account. The cashier and the stenographer of the bank testify that these letters were enclosed in these envelopes. Their evidence on this issue was based on the fact that it was usually the custom of the bank to enclose such letters with notes when so mailed to its customers. Neither of these two witnesses would swear that they remembered in this par-

ticular instance that these letters had been enclosed with the notes.

Plaintiff, as a witness, says he is certain and positive that there were no letters with the notes.

Gaston Mire, a witness for plaintiff in his employ at the time, says, he saw plaintiff open the envelopes in which the notes were enclosed. He testifies there were no letters in the envelopes. Further, he says, that plaintiff showed him the note and said: "Here is a note for a Buick car. I don't know what it is. We haven't got no Buick motor here." If the letters above mentioned had accompanied these notes, it is but natural to infer that plaintiff would have taken note of their contents as it was therein explained that the notes had been cancelled, and had been charged to his account. It is not to be believed he would have passed over these explanatory letters without comment and would have remained contented with the remark he did not know what the notes were for. Plaintiff was unquestionably not bound on these notes, and from the mere fact that they were received by him through the mails, without the explanatory letters, it can not be inferred that he was thereby imparted with the knowledge that the bank had charged them to his account. It is true plaintiff made a few small deposits with the bank after this absorption of his account, but there is nothing in his continued relations with the bank to indicate that he had in any way acquiesced in or ratified the action of the bank in thus charging his account with the amount of these notes.

The evidence shows that after the bank had turned down these checks of the plaintiff, that his credit suffered and that he was seriously handicapped in the management of his little business. It is shown that the decrease in his business immediately followed the dishonor of his checks,

and was a result thereof. He suffered damages which the court fixed at $250.00 and which we do not find excessive.